UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DARWICH,

    Plaintiff,

v.                                           Case No. 13-10254

CITY OF DEARBORN ET AL.,

    Defendants.
                                       /

**ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE**

       Before the court is a motion to change venue filed by pro se Plaintiff Ali Darwich on May 15, 2013. The substance of the motion is not directed at a change of venue, but a change of judge. Plaintiff challenges this case's reassignment from the Honorable Patrick J. Duggan to the undersigned, and asserts that this judge should be disqualified. The motion will be denied.

       First, there is no vehicle by which Plaintiff may challenge the reassignment of this matter. Local Rule 83.11(b)(7) provides a mechanism by which Judges may reassign related cases for docket efficiency, but there is no manner by which a litigant may bring a motion challenging that reassignment. Indeed, reassignment decisions lie within the collective discretion of the Judge to whom the case is assigned and the Judge having the earlier case number. *Jones v. City of Allen Park*, 167 F. Appx. 398, 409 (6th Cir. 2006) ("The district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.") (citing *Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980)). Even if there were, the motion is unfounded on the

merits. The two relevant Judges have already determined that this case is a companion to 10-14073, and nothing Plaintiff articulates in his motion alters that inevitable conclusion.

Second, to the extent Plaintiff's motion argues this court must disqualify itself, the court disagrees. Motions for disqualification are governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff bases his request on his experience with this court in previous cases. However, "[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)). Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).[1] The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555

---

[1] Indeed, as the Supreme Court has noted, "[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2nd Cir. 1943)).

(1994).  Because Plaintiff does not point to any credible evidence that this court is personally biased against him, his motion must fail.  Accordingly,

IT IS ORDERED that Plaintiff's May 15, 2013 motion to change venue [Dkt. # 10] is DENIED.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 13, 2013, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522