UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DARWICH

        **Plaintiff,**                **CIVIL ACTION NO. 13-cv-10254**

        **v.**                   **DISTRICT JUDGE ROBERT H. CLELAND**

**CITY OF DEARBORN, et al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ali Darwich, currently a prisoner at USP Terre Haute located in Terre Haute, Indiana, filed this *pro se* civil rights action on January 18, 2013, pursuant to 42 U.S.C. § 1983, against seventeen defendants:  the City of Dearborn, fifteen officers of the Dearborn Police Department, and a lieutenant of the Dearborn Fire Department.  (Docket no. 1 at 3, 6-7.)  Plaintiff alleges that Defendant Dearborn Police Officers, while outside of their jurisdiction, kidnapped, tortured, and assaulted Plaintiff in connection with a December 30, 2008 arrest.  (*Id.* at 3.)  Plaintiff seemingly seeks $3,000,000 in damages.  (*Id.* at 4.)  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 15.)  Before the Court is a Motion to Dismiss filed by Defendants City of Dearborn and Dearborn Police Officers Glenn Carriveau, Guerino Cerroni, Richard Conrad, Joseph Kass, Donald Kozlowski, Jeremy Long, Michael McNamara, Robert Price, John Wolf, and Andrew Zelazny.  (Docket no. 23.)  Plaintiff filed a Response.  (Docket no. 24.) The Court dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

I.    RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss (Docket no. 23) be GRANTED.  The undersigned further recommends that Plaintiff's claims against Defendant Kevin Schaumburger be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  Accordingly, the undersigned recommends that this matter be dismissed in its entirety with prejudice.

II.   REPORT

A.    Facts and Procedural History

On November 23, 2010, Plaintiff (and several other co-conspirators) was indicted for his participation in an insurance fraud scheme wherein the participants would purchase properties for inflated values, insure those properties, and intentionally burn, vandalize, or flood the properties. *See U.S. v. Toufaili, et al.*, No. 10-cr-20705, docket no. 1 (E.D. Mich. May 23, 2013).  On May 8, 2013, following a December 2012 trial in which he was convicted of 33 counts including wire fraud, mail fraud, use of fire to commit fraud, and money laundering, Plaintiff Darwich was sentenced to serve 1,647 months in prison.  *Id.*, docket nos. 565, 629.

Plaintiff filed the instant Complaint on January 18, 2013, after the jury verdict but before he was sentenced.  (Docket no. 1.)  The factual allegations in Plaintiff's Complaint are, at best, sparse. (*See id.*)  Plaintiff's Statement of Claims is reproduced verbatim, and in its entirety, below:

> On December 30, 2008 the Dearborn Police Department officer's kidnapped Darwich from the City of Detroit, By violation the IV Amendment Constitution right Because the officer's failed to preduce the search a warrants to be following Darwich to City of Detroit, Beverly Hills, and the City of Southefiled;.  Included the officer's at the time arrested Darwich from the City of Detroit Darwich is assualted by the officers included tortured, and physcale rap's by the officers after the Darwich kidnapped from the City of Detroit to City of Dearborn and hold around '6' day's before any procedure by the law take place at this time Darwich kidnapped from his

family and the officer refuse Darwich inform his family about his location at the time officer's kip assualted Darwich in police station of Dearborn after 3 days Darwich relaise from Dearborn Police to Detroit Police because the officer's of Dearborn she/He dont have any jursidiction to hold Darwich ; whatever his hold in Derborn because kidnapped.   the IV, II, and I, XIV Amendant violated by the Law enforcment, officer's.

(*Id*. at 3.)

In an Order dated June 5, 2013, the Court dismissed Plaintiff's claim that Defendants fabricated criminal charges and dismissed individual Defendants Michael Gracer, Flyid Mockbil, Stephen Renico, Mark Tobias, and Tonia Hughes.  (Docket no. 12.)  On November 25, 2013, Defendants City of Dearborn and Dearborn Police Officers Carriveau, Cerroni, Conrad, Kass, Kozlowski, Long, McNamara, Price, Wolf, and Zelazny filed the instant Motion to Dismiss. (Docket no. 23.)  Plaintiff filed a Response on December 3, 2013.  (Docket no. 24.)  Additionally, on February 7, 2014, the undersigned ordered Plaintiff to show cause why Defendant Kevin Schaumburger should not be dismissed pursuant to Fed. R. Civ. P. 4(m) (Docket no. 26), to which Plaintiff filed a response (Docket no. 27).

### B.    Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire*

*Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### C. Analysis

#### 1. Statute of Limitations

Defendants City of Dearborn, Carriveau, Cerroni, Conrad, Kass, Kozlowski, Long, McNamara, Price, Wolf, and Zelazny assert that Plaintiff's claims are barred by the applicable statute of limitations. (*See* docket no. 23 at 13-16.) Plaintiff's argument in response to Defendants' motion is not clear, but he seems to argue that his claims are not barred by the statute of limitations because he filed a similar civil action against Defendants with the Court[1] after his conviction in state

---

[1]*See Darwich v. Dearborn Police Dep't, et al.*, No. 2:10-cv-14073 (E.D. Mich Jun. 29, 2011).

court and filed the instant action after he was convicted for the same crime in this Court.[2]  (*See* docket no. 24 at 1-4.)

Federal courts apply state personal injury statutes of limitations to claims brought under § 1983.  *Wilson v. Garcia*, 471 U.S. 261 (1985); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005).  For civil rights suits filed in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986).  Although statutes of limitation are governed by state law, the question of when civil rights claims accrue remains one of federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (emphasis in original); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995).

Plaintiff filed the instant complaint on January 18, 2013 alleging that he was mistreated by Defendants in connection with his December 30, 2008 arrest and that he was held for "around '6' day's" before any legal procedure took place. (Docket no. 1 at 3.)  To the extent Plaintiff argues that his claims against Defendants did not accrue until he was convicted by this Court, Plaintiff's argument fails.  A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991).  Based on the nature of Plaintiff's alleged injuries, kidnapping, torture, and assault, it is apparent that Plaintiff knew of these injuries at the moment they occurred.  Construing Plaintiff's complaint liberally, for the purposes of the instant motion, the undersigned finds that Plaintiff's injuries occurred on the date of his arrest, December 30, 2008, and continued until he received

---

[2]*See U.S. v. Toufaili, et al.*, No. 2:10-cr-20705 (E.D. Mich. May 23, 2013).

"procedure by the law" approximately six days later, or on January 5, 2009. Thus, Plaintiff's claims

accrued, at the latest, on January 5, 2009, which means that Plaintiff would have had to file his

complaint by January 5, 2012, to comply with the applicable statute of limitations, absent tolling.

Plaintiff's claims also fail to the extent he argues that the statute of limitations tolled while

his previous civil action against the City of Dearborn Police Department and its individual officers

was pending. The statute of limitations is not tolled while a complaint that is later dismissed without

prejudice is pending, as a dismissal without prejudice "leaves the situation the same as if the suit had

never been brought. . . ." *Portman v. Wilson*, Civil Action No. 10-CV-169-KSF, 2010 WL 2870050,

at *7 (E.D. Ky. Jul. 19, 2010) (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-28 (6th Cir.

1987) (citing *Bomer v. Ribicoff*, 304 F.2d 427, 428-429 (6th Cir. 1962.))). The Court dismissed

Plaintiff's previous civil action without prejudice for failure to provide a more definite statement and

for lack of prosecution. *See Darwich v. Dearborn Police Dep't, et al.*, No. 2:10-cv-14073, docket

no. 34 (E.D. Mich Jun. 29, 2011). Because that action was dismissed without prejudice, the statute

of limitations was not tolled while the action was pending, or at any other time. Thus, the

undersigned recommends that Plaintiff's claims against Defendants City of Dearborn, Carriveau,

Cerroni, Conrad, Kass, Kozlowski, Long, McNamara, Price, Wolf, and Zelazny be dismissed with

prejudice, as they are barred by the three-year statute of limitations applicable to § 1983 claims.

### 2.   *Failure to State a Claim*

Alternatively, in their Motion to Dismiss, Defendants assert that Plaintiff has failed to state

a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (*See* docket no. 23 at 16-

17.) Contrary to the requirements of *Twombly* and *Iqbal*, Plaintiff's Complaint contains extremely

vague factual allegations of kidnappng, torture, and assault. (*See* docket no. 1 at 3.) There are no

well-pled allegations asserting which Defendants kidnapped, assaulted, or tortured Plaintiff. Likewise, there are no well-pled allegations asserting where or when Defendants committed the alleged acts. Moreover, Plaintiffs' Complaint fails to specify how Defendants were personally involved in any of the alleged wrongdoing, aside from "legal conclusion[s] couched as [] factual allegation[s]." *See Twombly*, 550 U.S. at 555. Thus, Plaintiffs' claims should be dismissed.

### 3.      *Qualified Immunity*

Defendants further allege that Plaintiff's claims against Defendants City of Dearborn, Carriveau, Cerroni, Conrad, Kass, Kozlowski, Long, McNamara, Price, Wolf, and Zelazny are barred by qualified immunity. (Docket no. 23 at 17-19.) Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That is, "'[t]he defense of qualified immunity protects officials from individual liability for monetary damages but not from declaratory or injunctive relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 635 n.2 (6th Cir. 2013) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001)).

The Sixth Circuit has set forth a tri-part test to determine whether a defendant is entitled to qualified immunity: whether (1) "the facts viewed in the light most favorable to the plaintiff[] show that a constitutional violation has occurred;" (2) "the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted*

7

*Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003));

*see also Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc) (noting that "objective legal

reasonableness" is a distinct, third prong of the qualified immunity analysis). The court may,

however, take up these considerations in any order. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Qualified immunity is best addressed after determining whether a plaintiff has stated a

constitutional claim upon which relief can be granted: "[T]he better approach to resolving cases in

which the defense of qualified immunity is raised is to determine first whether the plaintiff has

alleged a deprivation of a constitutional right at all. Normally, it is only then that a court should ask

whether the right allegedly implicated was clearly established at the time of the events in question."

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (citing *Siegert v. Gilley*, 500 U.S. 226, 232

(1991)). Therefore, because the undersigned recommends dismissing Plaintiff's claims against

Defendants City of Dearborn, Carriveau, Cerroni, Conrad, Kass, Kozlowski, Long, McNamara,

Price, Wolf, and Zelazny under the statute of limitations and for failure to state a claim upon which

relief can be granted, the undersigned will not address Defendants' assertion of qualified immunity.

### 4.     *Plaintiffs' Claims Against Defendant Schaumburger*

Defendant Kevin Schaumburger has not joined the remaining Defendants in their Motion to

Dismiss because he has not yet been served with a copy of the Complaint. Plaintiff is proceeding

*in forma pauperis* and, therefore, the Court directed the United States Marshal Service to serve

Defendants with the Complaint. (*See* docket no. 12 at 5; Docket no. 13.) Defendant

Schaumburger's waiver of service was returned unexecuted on June 26, 2013. (Docket no. 14.) As

of February 7, 2014, Defendant Schaumburger still had not been served. On that date, the

undersigned ordered Plaintiff "to show cause as to why his claims against Defendant Schaumburger

8

should not be dismissed pursuant to Fed. R. Civ. P. 4(m)." (Docket no. 26 at 1.)

Plaintiff responded to the Order to Show Cause on February 21, 2014, and asserted that Defendant Schaumburger should not be dismissed from this matter under Rule 4(m) because 1) Defendant Schaumburger was served with the complaint in the similar civil action that Plaintiff had previously filed against him, and 2) since dismissal of Plaintiff's previous civil action, it has been Defendant Schaumburger's sole strategy to avoid service of future summonses. (Docket no. 27 at 1-2.) Plaintiff's assertions are without merit; he has failed to show good cause for his failure to comply with Rule 4(m). Thus, the undersigned recommends dismissing Plaintiffs' claims against Defendant Schaumberger under Fed. R. Civ. P. 4(m). An extension of time to effectuate service is not appropriate in this instance, as Plaintiff's claims should also be dismissed against Defendant Schaumburger for the same reasons as discussed above with regard to the other Defendants.

### D.    Conclusion

For the above-stated reasons, the undersigned recommends granting Defendants' Motion to Dismiss (Docket no. 23). The undersigned further recommends dismissing Plaintiff's claims against Defendant Kevin Schaumburger pursuant to Federal Rule of Civil Procedure 4(m). Accordingly, the undersigned recommends dismissing this matter in its entirety with prejudice.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 29, 2014                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Ali Darwich and Counsel of Record on this date.

Dated: July 29, 2014                          s/ Lisa C. Bartlett
                                             Case Manager