UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DARWICH,

        Plaintiff,

v.                                Case No. 13-10254

CITY OF DEARBORN, et al.,

        Defendants.
                                 /

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**

While this case was pending under the case management supervision of Magistrate Judge Mona K. Majzoub, all Defendants but Schaumburger filed a motion to dismiss for failure to state a claim and, secondarily, based upon qualified immunity. Judge Majzoub issued a Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted under Rule 12(b)(6), that the claims against Schaumburger be dismissed in that he had never been served, and that the case be dismissed in its entirety with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2), Plaintiff was obligated to timely object in an orderly manner (e.g., numbered objections specifically identifying the matters with which he takes issue). Plaintiff presented a set of objections that state the following:

1.     The statute of limitations under 42 USC § 1983 is seven years.
2.     The fact that Schaumburger was not served was a "plan to mislied [sic] the civil action."
3.     "The allegation . . . is true."

Following the objections, in a "Conclusion," Plaintiff also offers these points:

a.  It was "not fair" for the Magistrate Judge to wait until four days after Plaintiff's direct appeal of his criminal conviction was denied.
b.  That because Defendants testified at Plaintiff's criminal trial in December of 2012, the "the statute [of limitations] star[ted] from this day . . . ."

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions to determine the outcome of the motions.

A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987); *Willis v. Sullivan*, 931 F.2d 390 (6th Cir. 1991).

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect. In order for this court to apply meaningful *de novo* review, it is insufficient for

2

the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion).  Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. See *Howard,* 932 F.2d at 508-509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication . . . runs contrary to the purposes of the Magistrates Act."); *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

      Here, Plaintiff's objections are neither cogent nor helpful, and—with the exception of criticizing the timing of the Magistrate Judge's Report—merely repeat points already stated in his pleadings in response to the motion to dismiss. He has failed to present any specific objections or argument which would provide a reason to even review, let alone reject Magistrate Judge Majzoub's Report and Recommendation. *Walters,* 638 F.2d at 949-50; *Arn,* 474 U.S. at 155; *Howard,* 932 F.2d 508-09.  The court has, nonetheless, done so, and finds that the Report and Recommendation is well-reasoned, thorough, and correct.

## IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the magistrate judge's report and recommendation [Dkt. # 28] is ADOPTED IN FULL and incorporated by reference; and that

Defendants' motion to dismiss [Doc. # 23] is GRANTED; and that

Defendant Schaumbarger is Dismissed from this action pursuant to Fed. R. Civ. P. 4(m) and that

This case is DISMISSED in its entirety with prejudice.


S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2014, by electronic and/or ordinary mail.


S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522